

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ROMEO RAMOS,
           Petitioner,

    -against-
                                **MEMORANDUM & ORDER**
                                11-CV-2081 (TCP)
ADA PEREZ,
            Respondent.
---------------------------------------------------------X
PLATT, District Judge.

Before the Court is Romeo Ramos' ("Petitioner") Petition for a Writ of Habeas Corpus ("Petition"), pursuant to 28 U.S.C. § 2254. ECF No. 1. The Petition challenges Petitioner's conviction, following a jury trial in New York State Supreme Court (Nassau County), and the subsequently imposed sentence. Pet'r's Pet. 1. The Court **DENIES** the Petition.

## BACKGROUND

### A.    Facts

On March 11, 2006, Charlie Waters, Jackie Conroy, and Jack Tangney were approached by a group of men, including Petitioner, on a boardwalk in Long Beach, Nassau County. *See, e.g.*, Trial Tr. 486:17-19. Several of these men had faces covered by bandanas (*id.* at 486:18-19); one had an aluminum baseball bat in his possession. *See, e.g., id.* at 493:7-11; *see also id.* at 424:22-23. The men approached Waters and, without resistance, took his wallet. *Id.* at 694:18-22. They approached Tangney and, after he resisted, the men punched, kicked, and hit Tangney with the baseball bat and they took Tangney's wallet. *Id.* at 425:18-426:16. Petitioner kicked and punched Tangney. *See, e.g., id.* at 975:8-15. Petitioner Conroy, witnessing the events, attempted to call the police. *Id.* at 494:6-23. Petitioner took Conroy's phone from her and began to flee with the other men. *Id.* at 497:3-8. Conroy chased them and she was punched, kicked, her hair was

1

pulled, and she was hit with the baseball bat. *Id.* at 499:17-22. Conroy identified Petitioner as one of the men in general and the man who took her phone, specifically. *See, e.g., id.* at 496:12-20.

Following a jury trial, Petitioner was convicted of two counts of robbery in the first degree under New York Penal Law ("NYPL") § 160.15(3); five counts of robbery in the second degree under NYPL § 160.10(1), (2)(a); four counts of assault in the second degree under NYPL § 120.05(2), (6); three counts of grand larceny in the fourth degree under NYPL § 155.30(5); and one count of criminal possession of a weapon in the fourth degree under NYPL § 265.01(2). Trial Tr. 1171:3-1174:10.

> For each count of robbery in the first degree, [Petitioner] was sentenced to twelve years imprisonment with five years post-release supervision for each count of robbery in the second degree, [Petitioner] was sentenced to three and one-half years imprisonment with two years post-release supervision. For each count of assault in the second degree, [Petitioner] was sentenced to two years imprisonment with one and one-half years post-release supervision. [Petitioner] was sentenced to one year of imprisonment for each count of grand larceny in the fourth degree, and one year of imprisonment for criminal possession of a weapon in the fourth degree. The court directed that all of the prison terms were to run concurrently.

Resp't's Aff. ¶ 8; see also Sentencing Tr. 11:21-13:4.

Petitioner appealed to the New York Supreme Court, Appellate Division, where he argued that the trial evidence was legally insufficient to establish his guilt and that his sentence was excessive because he exercised his right to trial instead of plea bargaining. *See* Pet'r's App. Brief, ECF No. 6-21. In a June 8, 2010 Decision and Order, the Appellate Division held that "viewing the evidence in the light most favorable to the prosecution we find that it was legally sufficient to establish the defendant's guilt of those crimes under an accomplice theory of

liability beyond a reasonable doubt." *People v. Ramos*, 904 N.Y.S.2d 81, 82 (N.Y. App. Div. 2010).[1] The Appellate Division held additionally that Petitioner's

> contention that the sentence imposed improperly penalized him for exercising his right to a trial is without merit. The record discloses no vindictiveness on the part of the trial court in arriving at the sentence and the fact that the sentence imposed after trial was greater than that offered during plea negotiations does not establish that the defendant was punished for exercising his right to proceed to trial. Moreover, the sentence imposed was not excessive.

*Id.* at 82-83.[2]

Petitioner applied for leave to appeal with the New York Court of Appeals, which that court denied. *People v. Ramos*, 934 N.E.2d 902 (N.Y. 2010). Petitioner filed the present Petition on one ground: the evidence at trial was legally insufficient to prove Petitioner's guilt. Pet. 2.

## DISCUSSION

### A. Legal Standard for a Petition for a Writ of Habeas Corpus

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

"The writ of habeas corpus stands as a safeguard against imprisonment of those held in violation of the law." *Harrington v. Richter*, 131 S. Ct. 770, 780 (2011).

A state prisoner seeking federal habeas review of his state conviction is required to first exhaust all remedies available to him in the State courts. *See* 28 U.S.C. § 2254(b)(1)(a).

---

1 Citing N.Y.P.L. § 20.00; People v. Contes, 454 N.E.2d 932 (N.Y. 1983); People v. Mathis, 874 N.Y.S.2d 549 (N.Y. App. Div. 2009); People v. Urena, 848 N.Y.S.2d 234 (N.Y. App. Div. 2007); People v. Mendez, 824 N.Y.S.2d 416 (N.Y. App. Div. 2006); People v. Mejia, 747 N.Y.S.2d 788 (N.Y. App. Div. 2002); People v. Luke, 719 N.Y.S.2d 122 (N.Y. App. Div. 2001).

2 Citing People v. Norris, 823 N.Y.S.2d 523 (N.Y. App. Div. 2006); People v. Best, 743 N.Y.S.2d 313 (N.Y. App. Div. 2002); People v. Robinson, 731 N.Y.S.2d 490 (N.Y. App. Div. 2001); People v. Rodriguez, 900 N.Y.S.2d 402 (N.Y. App. Div. 2010); People v. Suitte, 455 N.Y.S.2d 675 (N.Y. App. Div. 1982).

Exhaustion requires alerting the State courts to the Federal nature of the claim and raising the claim in the State's highest court. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 839-40 (1999).

> If an application [for a Writ of Habeas Corpus] includes a claim that has been "adjudicated on the merits in State court proceedings," § 2254(d), an additional restriction applies. Under § 2254(d), that application "shall not be granted with respect to [such a] claim ... unless the adjudication of the claim": "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." "This is [] 'difficult to meet,' *Harrington v. Richter*, 131 S. Ct. 770, 786 (2011), and "highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt," *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

*Cullen v. Pinholster*, 131 S. Ct. 1388, 1398 (2011); *see also Jones v. Keane*, 329 F.3d 290, 294 (2d Cir. 2003) (federal court is barred from granting a habeas petition if the petitioner has not exhausted all available state remedies. "Exhaustion requires a petitioner fairly to present the federal claim in state court." Presentation means a petitioner "has informed the State court of both the factual and the legal premises of the claim he asserts in Federal court.").

In habeas corpus petition review, the Court presumes "the state court's factual findings are correct unless they are rebutted by clear and convincing evidence." *Ponnapula v. Spitzer*, 297 F.3d 172, 179 (2d Cir. 2002) (citing 28 U.S.C. § 2254(e)(1)).

The Court holds Petitioner's claims have been properly exhausted in State court. The Court will review the substantive merits of the Petition. *See, e.g., Cuadra v. Sullivan*, 837 F.2d 56, 58-59 (2d Cir. 1988) ("where the petitioners are *pro se,* the district court 'should review habeas petitions with a lenient eye, allowing borderline cases to proceed.' ").

## B. Sufficiency of Evidence

### i. Standard

The Court "review[s] the decision of the state court under the federal sufficiency standard set forth by the Supreme Court in *Jackson v. Virginia,* 443 U.S. 307 (1979)." *Gutierrez v. Smith,* 702 F.3d 103, 113 (2d Cir. 2012) (citing *Epps v. Poole,* 687 F.3d 46, 50 (2d Cir. 2012)). "The relevant question under *Jackson* is whether, 'after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *Id.* (citing *Jackson,* 443 U.S. at 319). "When considering the sufficiency of the evidence of such a state conviction, a federal court 'must consider the evidence in the light most favorable to the prosecution and make all inferences in its favor,' and, in doing this, 'must look to state law to determine the elements of the crime.' " *Id.* (citing *Fama v. Comm'r of Corr. Servs.,* 235 F.3d 804, 811 (2d Cir. 2000)).

> When one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct.

N.Y.P.L. § 20 ("Criminal Conduct for Conduct of Another").

> To establish a defendant's guilt of [a] crime under a theory of accomplice liability, the People must prove that the defendant shared the requisite *mens rea,* to "knowingly and unlawfully" [commit the underlying offenses] and that, in furtherance thereof, the defendant solicited, requested, commanded, importuned, or intentionally aided [] in the commission of the crime.

*People v. Curry,* 976 N.Y.S.2d 571, 572 (N.Y. App. Div. 2013) (citing *People v. Bello,* 705 N.E.2d 1209 (N.Y. 2009); *People v. Kaplan,* 556 N.E.2d 415 (N.Y. 1990)).

### ii. Analysis

After a review of the record, the Court concurs with Respondent:

> The trial evidence demonstrated that . . . [Petitioner] personally joined in the attack on Tangney by kicking him in the ribs. He also aided in the robberies by taking Conroy's phone and preventing her from calling 9-1-1. [Petitioner] was identified by Conroy as one of the attackers during a show-up identification, and he was subsequently identified by an eyewitness as one of the robbers during a line-up. There can be no doubt that [Petitioner] participated in the robbery and assault of the three victims, and that he intended to aid and abet his cohorts.

Resp't's Mem. L. 12-13. Indeed, the trial transcripts, as noted *supra*, confirm this argument. The Appellate Division reasonably concluded the prosecution met its burden under New York's accomplice liability statute as codified in N.Y.P.L. § 20. The Appellate Division reasonably concluded additionally that the prosecution met its burden as to the underlying crimes as codified by the statutes noted *supra*. As such, the Court denies the Petition.

### C. Appealability

The Court shall not issue a certificate of appealability in this case as Petitioner has failed to make a "substantial showing of the denial of a constitutional right". 28 U.S.C. § 2253(c)(2); *see also, e.g.*, *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003).

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Petitioner's Petition for a Writ of Habeas Corpus. The Court orders the Clerk of the Court to serve a copy of this Order upon the parties to this action.

**SO ORDERED.**

Dated: January 16, 2014
      Central Islip, New York

                                                  Thomas C. Platt, U.S.D.J.